United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIRNA CATHERINE FENDER, § | |
| *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-CV-1312 |
| § | |
| PRESIDENT JOSEPH R. BIDEN, § | |
| ET AL., § | |
| *Defendants.* § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief and Petition for a Preliminary Injunction on April 7, 2023, naming as Defendants President Joseph R. Biden, Secretary of Defense Lloyd J. Austin III, the Department of Defense, Secretary of Health and Human Services Xavier Becerra, and the Department of Health and Human Services.[1]  ECF 1 (amended ECF 26). The District Judge denied Plaintiff's initial and amended requests for a temporary restraining order and preliminary injunction.[2]  ECF 12, 39.  The case is now before the Court on Defendants' Motion to Dismiss.  ECF 31.  Having considered the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 6.

[2] Plaintiff has filed a Notice of Appeal from the District Judge's August 9, 2023 Order denying her application for preliminary injunction.  ECF 43.  The appeal does not divest this Court of jurisdiction to proceed on the merits of the case. *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n,* No. 22-20459, 2023 WL 5316718, at *1 (5th Cir. Aug. 18, 2023).

parties' submissions and the law, the Court RECOMMENDS that Defendants' Motion be GRANTED and this case be DISMISSED WITH PREJUDICE.

I. Background

The facts summarized in this section are alleged in Plaintiff's Second Amended Complaint. ECF 26. Plaintiff is a nurse employed by the Conroe Health Care Center (CHCC) in Conroe, Texas. Her employer, as a result of regulations promulgated by HHS, required her to be vaccinated against COVID-19 or, alternatively, to wear a face mask and be tested on biweekly basis. She contends that the vaccine policy violates her rights because the vaccine, testing, and face masks are scientifically unproven and are dangerous. Plaintiff contends the COVID-19 health emergency declared by the federal government and which precipitated CHCC's vaccination policy was a hoax designed to destroy former President Trump and benefit vaccine manufacturer Moderna.

In addition to allegations regarding COVID-19, Plaintiff's Second Amended Complaint alleges that Defendants are engaging in election tampering and interference, pursuing a "brain dead Ukrainian proxy war," opening borders, and weaponizing the Department of Justice and Federal Bureau of Investigation by investigating Donald Trump. Plaintiff seeks (1) an order enjoining the government from requiring vaccinations (i.e., "forcefully administering-injecting an experimental substance"); (2) an order requiring the government "to admit that the

RT-PCR test was used to fear monger and to sell the covid19 jab"; (3) a declaration that the Tenth Amendment prevents the federal government from declaring public health emergencies or requiring vaccinations; (4) injunctions "quashing the so-called indictments against President Trump," enjoining "the usage of mail in ballots and voting machines," and requiring proof of citizenship to vote; (5) an order quashing the mandate that she have bi-weekly testing and wear a face mask; and (6) recovery of "30% of what the government recovers pursuant to 31 U.S.C. § 3730(b), the qui tam provision of the False Claims Act ("FCA")." *See* ECF 26.

## II. Rule 12(b)(1) and 12(b)(6) Standards

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a court must dismiss an action if it lacks subject matter jurisdiction. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim*, 402 F.3d at 494. The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff

bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches

to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). Here, the Court takes judicial notice of and properly considers Defendants' Exhibit A, Medicare and Medicaid Programs; Policy and Regulatory Changes to the Omnibus COVID-19 Health Care Staff Vaccination Requirements, 88 Fed. Reg. 36485-01, 2023 WL 3791084 (to be codified at, e.g., 42 C.F.R. § 418.60(d) (hospices), 42 C.F.R. § 441.151(c) (Programs of All-Inclusive Care for the Elderly Organizations)). ECF 31-1.

### III. Analysis

Defendants move to dismiss Plaintiff's case in its entirety because (A) her vaccine claims are moot due to HHS's withdrawal of the vaccine rule; (B) her False Claims Act claims are barred by the federal government's sovereign immunity; and (C) she lacks standing to assert her myriad complaints regarding: the federal government's declaration of a public health emergency; election integrity; and investigations of Donald Trump. *See* ECF 31. Because the Court finds that all of Plaintiff's claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it does not reach Defendants' arguments under Rule 12(b)(6).

### A. Plaintiff's claims related to the vaccine mandate are moot.

Article III of the United States Constitution authorizes the federal courts to adjudicate cases and controversies. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, (2013); *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023). Thus, federal courts are "permitted to adjudicate only live disputes." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020). A case is no longer "live," and thus is moot, when the plaintiff has no "legally cognizable interest in the outcome." *Id.* "It goes without saying that disputes concerning repealed legislation are generally moot." *Houston Chron. Pub. Co. v. City of League City, Tex.*, 488 F.3d 613, 619 (5th Cir. 2007).

Plaintiff filed suit on April 7, 2023. She concedes that the government ended the COVID-19 public health emergency (PHE) on May 11, 2023. ECF 26 at 2; *see also* ECF 31-1 at 3 ("The COVID-19 PHE expired on May 11, 2023."). Accordingly, on June 5, 2023, the Department of Health and Human Services (HHS) amended its regulations by withdrawing staff vaccination rules for facilities like CHCC, where Plaintiff works. *See* ECF 31-1 at 2, 10, 28, 31 and 37 ("Accordingly, we are withdrawing from the CFR the requirements regarding COVID-19 vaccination of health care staff as established under the staff vaccination IFC."). The repeal of the vaccination and testing mandates took effect on August 4, 2023, but the regulations issued on June 5, 2023 announced that since the COVID-19 public health

6

emergency expired on May 11, 2023, HHS would "not be enforcing the staff vaccinations provisions between [June 5, 20230] and August 4, 2023. ECF 31-1 at 2, 10. The Fifth Circuit has already held that repeal of a COVID-19 vaccine mandate moots a plaintiff's challenge to the mandate. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (holding that the Navy's recission of its COVID-19 mandate and promulgation of new policies mooted challenge brought by Navy Seals); *see also Crocker v. Austin*, No. CV 22-0757, 2023 WL 4143224, at *8 (W.D. La. June 22, 2023) (finding plaintiffs' claims against U.S. Air Force moot due to the recission of the COVID-19 vaccination requirement). Plaintiff's challenge to her employer's vaccine mandate, like that of the Navy Seals and Air Force members, is moot in light of the repeal of the vaccine mandate.

Plaintiff contends that the "voluntary cessation doctrine" prevents her claims from being mooted by the repeal of the vaccine mandate. ECF 3 at 2-4. The voluntary cessation doctrine provides that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Id.* at 673. The Fifth Circuit rejected the argument now made by Plaintiff when holding in *U.S. Navy SEALs* that, "[i]t is black-letter law that the government's mere 'ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception.'" 72 F.4th at 674 (citations omitted). Courts hold government entities to a lighter burden regarding whether

ceased conduct will recur because courts presume that official government actions are not mere litigation posturing. *Id.* (citing *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009) (holding that "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties.")); *Freedom From Religion Found., Inc.*, 58 F.4th at 833.

Based on the Fifth Circuit precedent set forth in *U.S. Navy SEALs*, the Court concludes that Plaintiff's claims for injunctive and declaratory relief from the federal government's COVID-19 policies are moot and should be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff's False Claims Act claims should be dismissed based on sovereign immunity.

Plaintiff asserts a claim under the False Claims Act (FCA). ECF 26 at 5-6. The basis of Plaintiff's claim is unclear. The FCA is the government's "primary litigative tool for combatting fraud" and imposes liability on anyone who knowingly makes a false claim for payment to the government. *United States v. Corp. Mgmt., Inc.*, No. 21-60568, 2023 WL 5343778, at *1 (5th Cir. Aug. 21, 2023). An FCA claim may be brought by the Attorney General of the United States or by a private party, known as a qui tam relator, in the name of the United States. *Id.* (citing 31 U.S.C. §§ 3730(a), (b)(1)). Here, Plaintiff has brought a claim in her own name

against, not on behalf of, the United States. Regardless, sovereign immunity bars Plaintiff's FCA claim.

Sovereign immunity bars a suit against a federal agency or its officers absent an unequivocal statutory waiver by the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has not waived its sovereign immunity in the FCA. *King v. United States Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018) (there is no express waiver of the sovereign immunity of the United States in the FCA for a collateral attack by a relator for money damages); *see also Stewart Title Guar. Co. v. U.S. Dep't of Hous. & Urb. Dev.*, 37 F.3d 632 (5th Cir. 1994) (stating a suit for declaratory judgment against the United States for FCA violations would be barred because the statute contains no express waiver of sovereign immunity); *Wije v. Texas Woman's Univ.*, No. 4:14-CV-571-ALM-CAN, 2015 WL 9872534, at *8 (E.D. Tex. Dec. 22, 2015) ("the FCA does not waive the sovereign immunity of the United States"), report and recommendation adopted, No. 4:14-CV-571, 2016 WL 231151 (E.D. Tex. Jan. 19, 2016). Therefore, Plaintiff's purported FCA claim against Defendants must be dismissed for lack of subject matter jurisdiction because the Defendants are protected by sovereign immunity.

### C. Plaintiff lacks standing to bring sweeping challenges to federal policies and criminal investigations.

As stated above, Plaintiff bears the burden to establish Article III standing to bring her claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish the constitutional minimum of Article III standing, a plaintiff must show an injury in fact that is (1) actual or imminent and concrete and particularized; (2) fairly traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Id.* at 560-61. "Individuals have 'no standing to complain simply that their Government is violating the law.'" *Bond v. United States*, 564 U.S. 211, 225 (2011) (citation omitted). An individual cannot establish standing by showing that she "suffers in some indefinite way in common with people generally." *Id.* (citation omitted).

Plaintiff has not met her burden to demonstrate that she maintains standing to sue the Defendants for declaratory relief regarding: the federal government's authority to declare a public health emergency; election integrity; border security; or criminal investigations of Donald Trump. She has suffered no concrete and particularized injury that is traceable to Defendants' actions and is likely to be redressable by this Court. Because Plaintiff lacks standing to sue on these claims, they should be dismissed for lack of subject matter jurisdiction.

### IV.   Conclusion and Recommendation

For the reasons the discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 31) be GRANTED and this case be DISMISSED WITHOUT PREJUDICE in its entirely for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 06, 2023, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge