United States District Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRNA CATHERINE FENDER, | § § § | CIVIL ACTION NO 4:23-cv-01312 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| PRESIDENT JOSEPH R. BIDEN, *et al,* | § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Virna Catherine Fender proceeds here *pro se*. She filed a complaint seeking declaratory and injunctive relief on April 7, 2023. Named as Defendants are President Biden and other federal agencies and officials. Dkt 1.

This matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 6. Pending are two issues. *First,* Plaintiff's Rule 54(b) motion to vacate the order of August 9, 2023, denying her motion for preliminary injunction. Dkt 48; see also Dkt 42 (terminated motion before refiling). *Second,* a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan dated September 6, 2023, recommending that this case be dismissed without prejudice for lack of subject matter jurisdiction. Dkt 51.

1. Plaintiff's motion to vacate the order denying preliminary injunction

On August 18, 2023, Plaintiff filed a notice of appeal from the order denying Plaintiff's motion for preliminary injunction. See Dkts 39 & 43.

An appeal from a grant or denial of a preliminary injunction doesn't inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation. *Satanic Temple, Inc v Texas Health & Human Services Commission*, 79 F4th 512, 514 (5th Cir 2023). But any action by the Court that would modify or vacate that order would "alter the status of the case as it rests before the Fifth Circuit and constitute an action outside this Court's jurisdiction." *Henton v Stephens*, 2016 WL 6125454, *1 (SD Tex).

The motion by Plaintiff to vacate the order denying preliminary injunction must be denied. Dkt 48.

> 2. Memorandum & Recommendation on motion to dismiss

The Magistrate Judge issued a Memorandum and Recommendation recommending that the case be dismissed without prejudice for lack of subject matter jurisdiction. Dkt 51; see Dkt 31 (motion).

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

On September 13, 2023, Plaintiff filed another motion to vacate several orders, including the Memorandum and Recommendation. Dkt 52. The Magistrate Judge denied that motion. Dkt 54. Beyond that, Plaintiff filed no proper objections.

Regardless, the objections raised in the September 13th motion to vacate have been reviewed. Upon *de novo* review and determination, the objections are overruled as lacking merit.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

### 3. Conclusion

The Rule 54(b) motion by Plaintiff to vacate is DENIED. Dkt 48.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this court. Dkt 51.

The related motion to dismiss is GRANTED. Dkt 31.

A final judgment will enter separately dismissing this case without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

Signed on October 16, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge